(Pleito No. 178.—Fallado el 3 de Marzo de 1902.)

## PÉREZ EX–PARTE.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

DEFINICIÓN DE COMERCIANTE. La sola circunstancia de ser una persona farmacéutico, no basta para que se le repute comerciante y, como tal, sujeto á las prescripciones del Código de Comercio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á tres de Marzo de mil novecientos dos, en los autos promovidos ante el Tribunal de Distrito de Arecibo por Don Manuel Pérez Avilés, para que se le declare en concurso voluntario, cuyos autos penden ante Nos en virtud de recurso de casación interpuesto por dicho Pérez Avilés, al que ha representado y defendido el Letrado Don Félix Santoni.—Resultando: Que en cuatro de Noviembre del año próximo pasado Don Manuel Pérez Avilés, en concepto de Farmacéutico, acudió al Tribunal de Distrito de Arecibo, solicitando se le declarara en concurso voluntario de acreedores, y se acordara la formación de ese juicio, á cuyo fin presentó relación de los bienes pertenecientes á su Farmacia con expresión de su valor, un estado de las deudas que sobre ella pesaban, y una memoria en que se consignan las causas que motivan su presentación en concurso.—Resultando: Que el mencionado Tribunal, por auto de siete de Noviembre citado, estimó que Don Manuel Pérez Avilés, por ser Farmacéutico con establecimiento abierto, debía reputarse comerciante y sujeto en su consecuencia á las prescripciones del Código de Comercio; por lo que, vistos los artículos 1,128 y 1,316 de la Ley de Enjuiciamiento Civil, denegó la declaratoria de concurso voluntario que aquél solicitaba.—Resultando: que de este auto pidió el promovente reposición que le fué denegada por otro de diez y seis de Noviembre citado, alegándose, como fundamentos, que son comer-

ciantes los que teniendo capacidad legal para ejercer el
comercio se dedican á él habitualmente, y son actos de
comercio los comprendidos en el Código y cualesquiera otros
de naturaleza análoga, cuyos preceptos legales son aplicables
á Pérez Avilés, puesto que los establecimientos de Farmacia
no son oficinas dedicadas al exclusivo despacho de las pres-
cripciones facultativas, sino que en ellas se expenden drogas,
medicamentos patentizados, perfumería y otra porción de
objetos que sin que sufran transformación por la labor pro-
fesional del Farmacéutico, se expenden por éste para obtener
un lucro, por todo lo cual debía reputarse comprendido dicho
Pérez Avilés en las prescripciones de los artículos 1, 2 y 3 del
Código de Comercio.—Resultando: Que contra el auto de-
negatorio de la declaratoria de concurso ha interpuesto Don
Manuel Pérez Avilés recurso de casación por infracción de
ley, autorizado por el número 1º del artículo 1,690 de la Ley
de Enjuiciamiento Civil, citando como infringidos:—1º El
artículo 1º del Código de Comercio, por aplicación indebida,
toda vez que los Farmacéuticos no son comerciantes, y
menos el recurrente que no ha realizado acto alguno de
comercio, ni con la asiduidad exigida por la ley.—2º Los
artículos 2º y 3º del expresado Código, pues ni Pérez Avilés
ha realizado actos de comercio, ni puede presumirse su ejer-
cicio habitual, en atención á que él no ha anunciado al
público en la forma prevenida un establecimiento que tenga
por objeto alguna operación mercantil ni tampoco los ante-
cedentes legales y concepto filosófico del acto mercantil que
exige como condición *sine qua non* la idea del lucro, permi-
ten afirmar que los Farmacéuticos sean comerciantes.—
3º Los artículos 1,128 y 1,154 de la Ley de Enjuiciamiento
Civil, porque no siendo los Farmacéuticos comerciantes,
ha debido ser declarado Pérez Avilés en concurso de acree-
dores.—Visto: Siendo Ponente el Juez Asociado Don José
C. Hernández.—Considerando: Que con arreglo á los
artículos 1º y 3º del Código de Comercio, son comerciantes
los que teniendo capacidad legal para ejercer el comercio se

dedican á él habitualmente, y que existe la presunción legal del ejercicio habitual del mismo, desde que la persona que se proponga ejercerlo anunciare por circulares, periódicos, carteles, rótulos, expuestos al público, ó de otro modo cualquiera, un establecimiento que tenga por objeto alguna operación mercantil.—Considerando: Que de autos no consta que el recurrente Don Manuel Pérez Avilés se dedique habitualmente al comercio ni que de algún modo se haya anunciado como comerciante, pues hasta ahora sólo aparece que es Farmacéutico, cuyo concepto únicamente supone la confección y venta de medicinas ó remedios para las curaciones de enfermedades, ó para la conservación de la salud.—Considerando, en mérito de lo expuesto: Que el Tribunal de Arecibo ha infringido, por aplicación indebida, los textos legales anteriormente citados, al reputar como comerciante á Don Manuel Pérez Avilés, y por tanto el artículo 1,154 de la Ley de Enjuiciamiento Civil, al dejar de estimar como concurso voluntario de acreedores el promovido por dicho Pérez Avilés, sin que sea necesario discutir las demás infracciones de ley que se suponen cometidas.—Fallamos: Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don Manuel Pérez Avilés, y en su consecuencia casamos y anulamos el auto recurrido de siete de Noviembre último con su concordante de diez y seis del mismo mes; y el Tribunal de Distrito de Arecibo proceda con arreglo á lo que previene el artículo 1,158 de la Ley de Enjuiciamiento Civil, sin perjuicio del derecho que á los acreedores otorga el artículo 1,168 de la misma ley.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en

el día de hoy, de que certifico como Secretario en Puerto Rico, á tres de Marzo de mil novecientos dos.—E. de J. López Gaztambide, *Secretario*.